UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11869-GAO

MICHAEL GLOEKLER,
Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration,
Defendant.

OPINION AND ORDER
March 7, 2012

O'TOOLE, D.J.

The Commissioner of the Social Security Administration denied Michael Gloekler's application for SSDI benefits. Before the Court are cross-motions to reverse, and alternatively to affirm, the Commissioner's decision.

After consideration of the parties' submissions and the administrative record, Gloekler's Motion to Reverse (dkt. no. 10) is GRANTED, and the matter is REMANDED to the Commissioner for further consideration of the application.

The conclusions of the administrative law judge ("ALJ") concerning the nature, severity, and duration of Gloekler's symptoms of depression are not adequately supported by the record. The ALJ said:

> The claimant has been diagnosed with depressive disorder. However, he never exhibited any depressive symptoms that did not occur in the context of heavy alcohol abuse. As discussed in greater detail below, when treated and sober, he exhibits few, if any, functional limitations. . . . Accordingly, the objective evidence does not demonstrate any independent mental impairment apart from alcohol dependence.

(Administrative Tr. at10 (hereinafter R.).)  In other words, the ALJ concluded that the symptoms of depression were regularly, if not always, secondary to alcohol abuse.

Portions of the medical record, however contradict this conclusion. For example, in a note dated April 18, 2005, Dr. Ou noted that Gloekler was suffering from depression, for which he was taking Celexa, while noting as to his alcoholism, "The patient is still not drinking at this time." (Id. at 280.) Another note by Dr. Ou, about three years later on April 25, 2008, refers to Gloekler's depression but makes no mention at all of alcoholism. (Id. at 252.) Indeed, it appears that at the time Gloekler had "just got out of jail" for a drunk driving arrest, (id.), and it may be he had been abstaining from alcohol for some length of time when the encounter occurred.

It is true that the medical records often include simultaneous notations of both alcoholism and depression, but the ALJ's conclusion that the latter symptoms emanated from the former condition appears unwarranted and unsupported. As a result, the ALJ's further conclusion that the depression was not a severe impairment during the insured period is called into question.

On remand, the ALJ shall give consideration to whether Gloekler's depression was an independent impairment and, if so, whether it was a "severe" impairment during the period of insurance. In doing so, he should be careful to follow the requirements of 20 C.F.R. §§ 416.920a and 404.1535(b).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge